UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PALM BEACH AIR, INC. )<br>)<br>Defendant. )<br>_____) | Case No. 1:11-cv-00328 (GBL/IDD) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Plaintiff's, Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF"), Motion for Default Judgment against Palm Beach Air, Inc. ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 10.) After a representative for Defendant failed to appear at the hearing on August 26, 2011, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I. INTRODUCTION

On March 30, 2011, Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (hereinafter, ERISA and LMRA will collectively referred to as the "Acts"). (Compl. ¶

1

3; Mem. Supp. Mot. Default J. at 1.) The Acts allow parties to enforce provisions of their collective bargaining agreements. In filing its Complaint, Plaintiff seeks unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief,[1] and attorney's fees and costs, pursuant to ERISA, LMRA, and the collective bargaining agreement and trust agreements executed by the United Association Local Union No. 630 ("Local Union") and the Defendant. (Compl. ¶¶ 4, 7.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132, and 1145 because the funds are administered from Plaintiff's principal place of business in Alexandria, Virginia. (Compl. ¶ 3.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over the Defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).[2] Additionally, this Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132(e)(2) and Section 301(c) of the LMRA, 29 U.S.C. §

---

[1] In Count II of the Complaint, Plaintiff seeks an order enjoining the violations of the terms of the employee benefit plans and requiring Defendant to submit timely contributions and remittance reports to the Plaintiff. Plaintiff has not pursued its request for injunctive relief in its Motion for Default Judgment.

[2] The Court held that the Eastern District of Virginia had personal jurisdiction over defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national" contacts theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

185(c). (*See* Compl. ¶¶ 2, 3, 4.) Venue is also properly situated in this District because the breach of the collective bargaining agreements and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (Compl. ¶¶ 4, 7.)

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served"(quoting *Mississippi Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h).

3

On May 12, 2011, a personal process server delivered the Summons and the Complaint to Kenneth Lawson, Registered Agent for the Defendant. (Dkt. No. 4.) Therefore, Plaintiff properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

As previously stated, Plaintiff filed its Complaint on March 30, 2011. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On June 15, 2011, Plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On June 17, 2011, the Clerk entered default against Defendant. (Dkt. No. 6.) On July 8, 2011, the Honorable Gerald Bruce Lee ordered that this Court convene a hearing on July 29, 2011, wherein Plaintiff could present proof of damages owed to it by the defaulting Defendant. (Dkt. No. 7.) On July 12, 2011, Plaintiff filed a motion to continue the hearing, which this Court granted in part and denied in part. (Dkt. No. 13.) On July 27, 2011, Plaintiff filed this Motion for Default Judgment and a hearing on the matter was conducted on August 26, 2011. (Dkt. Nos. 10, 16.) After Defendant failed to appear at the August 26 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II. FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavit by William T. Sweeney Jr., the Administrator of the NPF ("Sweeney NPF Aff."); and the Declaration of John R. Harney, Plaintiff's counsel ("Harney Decl."), along with the documents submitted in proof of damages.

4

The Plaintiff is the trustee of a multiemployer employee benefit plan[3] administered from offices located in Alexandria, Virginia. (Compl. ¶ 1.) The National Pension Fund ("NPF") is established and maintained by a Restated Agreement and Declaration of Trust and a Collective Bargaining Agreement executed by the Local Union and the Defendant. (Compl. ¶¶ 4, 11.) The Defendant is a corporation organized under the laws of Florida that conducts business as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 2.) Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3.)

As a signatory to the Collective Bargaining Agreement with the Local Union, Defendant agreed to pay the NPF certain sums for each hour worked by employees covered under the Agreement. (Compl. ¶ 5.) Plaintiff alleges that Defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the NPF (Count I) as required under the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7, 8, 9, 10.) Defendant is also bound by the Restated Agreement and Declaration of Trust. (Compl. ¶¶ 11, 12.)

The NPF asserts that, pursuant to the unfunded remittance reports submitted by Defendant, Defendant failed to make contributions to the NPF for the months of January 2009, April 2009 through December 2009, and July 2010 through February 2011. (Compl. ¶ 7; Sweeney NPF Aff. ¶ 5, 6.)[4] Based on an audit of Defendant's records, Plaintiff has determined that Defendant failed to pay contributions to Plaintiff in the amount of $7,196.85 for the months

---

[3] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

[4] Although the Complaint also states that Defendant failed to make contributions for the months of July 2010 through February 2011, the Sweeny Affidavit submitted in support of damages states that "[s]ubsequent to the filing of this action, it was determined that [the Defendant] was inactive for the period of September 1, 2010 through the current." (Sweeney NPF Aff. ¶ 5.) Therefore, this Report and Recommendation shall proceed by making findings of fact for only the months of July 2009 through December 2009 and July and August 2010.

of July 2009 through December 2009. (Compl. ¶ 8; Sweeney NPF Aff. ¶ 6.) Defendant also owes contributions to Plaintiff in the amount of $891.34 for the months of July 2010 and August 2010. (Sweeney NPF Aff. ¶¶ 5, 7, 11.) Therefore, Defendant has failed to make contributions to Plaintiff in the total amount of $8,088.19.

The NPF further alleges that Defendant is bound to make payments under Article VI, Section 5, of the Restated Agreement and Declaration of Trust, which provides that an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due. (Compl. ¶ 15.) Pursuant to this provision, the NPF claims that it is owed liquidated damages in the amount of $808.82 for the payments due for the months of January 2009 through December 2009, and July and August 2010. (Sweeney NPF Aff. ¶¶ 13, 14.)

In addition, the Restated Agreement and Declaration of Trust allows interest on any amounts owed to the NPF at the rate of twelve percent (12%) per annum continuing to accrue from the due date through the date of payment. (Compl. ¶ 16(A); Sweeney NPF Aff. ¶¶ 14, 15.) The NPF alleges that Defendant owes interest on the delinquent contributions in the amount of $1,653.58, calculated until July 22, 2011 or date of payment. (*Id.*)

Therefore, Defendant owes the NPF a total of $10,550.59 in the following amounts: $8,088.19 in contributions for the months of July 2009 through December 2009, and July 2010 and August 2010; $808.82 in liquidated damages for the same period; and $1,653.58 in interest accruing from the date due through the date of payment or July 22, 2011. (*See* Sweeney NPF Aff. ¶ 15; Sweeney NPF Aff. App.)


Finally, Plaintiff seeks $1,676.29 in attorney's fees and costs ($980.00 in attorneys' fees and $696.29 in costs). In support of this request, Plaintiff submitted the Declaration of John R. Harney and a report of attorney's fees and costs through July 27, 2011. (Harney Decl. ¶ 7; Harney Decl. App.) The undersigned Magistrate Judge finds the following costs and attorney's fees to be reasonable.

| *Attorney's Fees* | *Costs* |
|---|---|
| $980.00 | $696.29 |

(Harney Decl. ¶ 7.)

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension Fund against Palm Beach Air, Inc. The National Pension Fund is entitled to recover damages in the following amounts: $8,088.19 in contributions for the months of July 2009 through December 2009, and July 2010 and August 2010; $808.82 in liquidated damages for the same period; and $1,653.58 in interest accruing from the date due through the date of payment or July 22, 2011. Thus, the recommended total damages award for the National Pension Fund is $10,550.59.

Also, Plaintiff is entitled to recover its attorney's fees and costs in the amount of $1,676.29 in attorney's fees and costs ($980.00 in attorneys' fees and $696.29 in costs). If further action is required to enforce and collect this judgment, Plaintiff may apply to this Court or to the court in which enforcement is sought for further appropriate injunctive relief in addition to the relief set out in this Report and Recommendation.

Pursuant to the findings set forth above, the undersigned Magistrate Judge recommends an entry of judgment in favor of the National Pension Fund in the amount of $12,226.88.

## IV. NOTICE

**By mailing copies of this report and recommendation, the parties are notified that objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Kenneth Lawson
c/o Palm Beach Air, Inc.
2819 SW 42 Avenue
Pal City, FL 34990

/s/
Ivan D. Davis
United States Magistrate Judge

January 3, 2012
Alexandria, Virginia